IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERARDO FRAUSTO-GUTIERREZ, an individual, and JONATHAN SAAVEDRA, an individual, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> FALCO'S PIZZA, INC., an Illinois corporation, and MICHAEL FALCO, an individual, <br><br> Defendants. | Case No.1:21-cv-2013 |

## COLLECTIVE ACTION COMPLAINT

The Plaintiffs, Gerardo Frausto-Gutierrez and Jonathan Saavedra, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, by and through their attorney, Timothy M. Nolan of the Nolan Law Office, complain against Defendants, Falco's Pizza, Inc. and Michael Falco (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., for Defendants' failure to pay Plaintiffs, and other similarly situated employees, overtime compensation for hours worked over forty (40) in a workweek. Plaintiffs, and other similarly situated employees, are current and former cooks, food preparers, kitchen staff, counter workers and food delivery employees of Defendants' Falco's Pizza restaurant business.

1

2. Plaintiffs bring this case as a collective action under 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as the representative parties in this collective action are attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Gerardo Frausto-Gutierrez ("Frausto-Gutierrez") is a former employee of the Defendants' Falco's Pizza restaurant business located at 5651 W. Cermak Road in Cicero, Illinois. Plaintiff Frausto-Gutierrez worked as a cook, food preparer, and kitchen staff employee at Defendants' restaurant from approximately September, 2016 through February 15, 2020.

6. Plaintiff Jonathan Saavedra ("Saavedra") is also a former employee of the Defendants' Falco Pizza restaurant business located on West Cermak Road in Cicero, Illinois. Plaintiff Saavedra worked as a counter worker, food preparer, and food delivery driver at Defendants' restaurant from approximately December, 2016 through mid-May, 2020.

7. During the course of their employment, Plaintiffs regularly used and handled goods and materials, including perishable food and food products, which moved in interstate commerce prior to being used or purchased in Illinois.

8. Plaintiffs reside in and are domiciled in this judicial district.

9. Defendant Falco's Pizza, Inc. ("Falco's Pizza") is an Illinois corporation that operates three Falco's Pizza restaurants in the Chicago area including the restaurant located on West Cermak Road in Cicero, Illinois, and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

10. Upon information and belief, Defendants have earned more than $1,000,000 in annual gross revenue during 2018, 2019 and 2020.

11. Defendant Falco's Pizza is registered in Illinois as a corporation and its president, secretary, registered agent and registered office are located within this judicial district.

12. Defendant Michael Falco is the president and owner of Falco's Pizza, Inc.

13. At all times relevant to this action, Defendant Michael Falco possessed extensive oversight over the Falco's Pizza restaurants and business operations. Defendant Michael Falco was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

14. Defendant Michael Falco resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

15. During the period from at least April, 2018 through February 15, 2020, Plaintiff Frausto-Gutierrez regularly worked six (6) days a week including Monday through Wednesday from 10:00 a.m. to 10:00 p.m.; Friday and Saturday from 10:00 a.m. to at least 8:00 p.m.; and, Sunday from 11:00 to at least 4:00 p.m. Plaintiff Frausto-Gutierrez typically did not work on Thursday, and he typically took a thirty (30) minute break each day.

16. Based on his schedule, Plaintiff Frausto-Gutierrez regularly worked fifty-eight (58) hours in individual workweeks from April, 2018 through February 15, 2020.

17. Defendants paid Plaintiff Frausto-Gutierrez on an hourly basis at the rate of $12.00 per hour.

18. However, Defendants imposed a dual wage payment scheme on Plaintiff Frausto-Gutierrez whereby Defendants paid only a portion of Plaintiff's hours with a payroll check, typically twenty (20) hours every two weeks, and paid for the remainder of Plaintiff's work hours with unreported cash all at his straight-time hourly rate of pay.

19. During the period from at least April, 2018 through approximately mid-August, 2018, Plaintiff Saavedra regularly worked seven (7) days a week including cooking and counter work on Monday, Tuesday, Friday and Saturday from 10:00 a.m. to 4:00 p.m.; and, food delivery work on Monday and Tuesday from 4:00 p.m. to 10:00 p.m.; Wednesday and Thursday from 11:00 a.m. to 10:00 p.m.; Friday and Saturday from 4:00 p.m. to Midnight; and, Sunday from 2:00 p.m. to 10:00 p.m. Plaintiff Saavedra typically took a thirty (30) minute break each day.

20. During the period from approximately mid-August, 2018 through late February, 2020, Plaintiff Saavedra continued to work seven (7) days a week, but increased his work hours on Sunday to include cooking and counter work from 11:00 a.m. to 4:00 p.m. and food delivery work from 4:00 p.m. to 10:00 p.m.

21. During the period from late February, 2020 through mid-April, 2020, Plaintiff Saavedra continued to work a seven (7) day schedule but with reduced hours including cooking and counter work on Monday and Tuesday from 2:00 p.m. to 4:00 p.m.; Friday and Saturday from 10:00 a.m. to 4:00 p.m.; and Sunday from 11:00 a.m. to 4:00 p.m.; and, food delivery work

4

on Monday through Thursday from 4:00 p.m. to 10:00 p.m.; Friday and Saturday from 4:00 p.m. to Midnight; and, Sunday from 4:00 p.m. to 10:00 p.m.

22. Based on his schedules, Plaintiff Saavedra regularly worked seventy-eight (78) hours in individual workweeks from April, 2018 through mid-August, 2018; eighty-one (81) hours in individual workweeks from mid-August, 2018 through later February, 2020; and, sixty-three (63) hours in individual workweeks from late February, 2020 through mid-April, 2020.

23. Defendants paid Plaintiff Saavedra on an hourly basis at the rate of $13.00 per hour for cooking and counter work, and at the rate of $8.00 per hour plus tips for food delivery work. Except for the final two pay periods, Defendants paid all of Plaintiff Saavedra's wages with unreported cash all at his straight-time hourly rate of pay.

24. Defendants did not compensate Plaintiffs, and other non-exempt cooks, food preparers, kitchen staff, counter workers and food delivery employees, at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in individual work weeks.

25. Defendants never paid Plaintiffs an overtime premium when they worked more than forty (40) hours in a work week.

26. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code § 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

27. Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all other similarly situated current and former cooks, food preparers, kitchen staff, counter

workers and food delivery employees that worked for Defendants during the last three years before the filing of this suit.

28. During the last three years before the filing of this suit, Plaintiffs, and all other similarly situated current and former cooks, food preparers, kitchen staff, counter workers and food delivery employees, have had substantially similar job descriptions, job requirements and pay rates.

29. Plaintiffs and other similarly situated current and former cooks, food preparers, kitchen staff, counter workers and food delivery employees worked more than forty (40) hours in individual workweeks and received no overtime premium for hours worked in excess of 40 in a workweek due to Defendants' unlawful wage payment schemes.

30. Plaintiffs and the other similarly situated cooks, food preparers, kitchen staff, counter workers and food delivery employees were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay an overtime premium for hours worked in excess of forty in individual workweeks.

31. Defendants at all times failed to pay Plaintiffs, and other similarly situated cooks, food preparers, kitchen staff, counter workers and food delivery employees overtime compensation including at a rate of one and one-half times their regular hourly rates of pay, when they worked more than forty (40) hours in an individual work week.

32. Plaintiffs' claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

33. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

34. There are numerous similarly situated current and former cooks, food preparers, kitchen staff, counter workers and food delivery employees who worked for Defendants' Falco's Pizza restaurants and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

35. The similarly situated current and former cooks, food preparers, kitchen staff, counter workers and food delivery employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

36. Plaintiffs hereby incorporate paragraphs 1 through 35 as though stated herein.

37. Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

38. Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §§ 207, 213.

39. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

40. Defendant Falco's Pizza, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

41. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs and the other non-exempt cooks, food preparers, kitchen staff, counter workers and food delivery employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

42. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

43. Defendants' violation of the Fair Labor Standards Act by refusing to pay overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiffs and other cooks, food preparers, kitchen staff, counter workers and food delivery employees were scheduled to work and regularly did work more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by paying wages "under the table" in cash and by paying for only a certain number of hours of work by payroll check, typically less than forty (40) hours per week, and paying for other hours with off-payroll cash. In a further attempt to conceal their overtime wage violations, Defendants' did not report their cash wage payments to federal and state tax and revenue agencies. Additionally, Defendants violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiffs, Gerardo Frausto-Gutierrez and Jonathan Saavedra, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Falco's Pizza, Inc. and Michael Falco, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

44. Plaintiffs hereby incorporate paragraphs 1 through 26 as though stated herein.

8

45. Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

46. Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

47. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

48. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

49. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Gerardo Frausto-Gutierrez and Jonathan Saavedra, pray for a judgment against Defendants, Falco's Pizza, Inc. and Michael Falco, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019 and five percent (5%) thereafter;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

Dated: April 14, 2021                                    Respectfully submitted,

Gerardo Frausto-Gutierrez and
Jonathan Saavedra, on behalf of themselves
and all other Plaintiffs similarly situated,
known and known,
Plaintiffs,


/s/ Timothy M. Nolan
_____
Attorney for the Plaintiffs


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com